IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **DANIEL LYNN ESTES,** ) | |
| ) | No. 21 C 5870 |
| **Plaintiff,** ) | |
| ) | Magistrate Judge M. David Weisman |
| v. ) | |
| ) | |
| **KILOLO KIJAKAZI, Acting** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Daniel Lynn Estes appeals the Acting Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court reverses the Acting Commissioner's decision.

### Background

On September 19, 2011, plaintiff filed an application for benefits alleging a disability onset date of November 4, 2010. (R. 79, 98.) His application was denied initially, on reconsideration, and after a hearing. (R. 79-82, 38-48.) The Appeals Council declined review (R. 1-3), and plaintiff appealed to this Court, which reversed and remanded for further proceedings. (R. 1547-59.)

On April 24, 2014, plaintiff filed a second application for benefits, alleging a disability onset date of April 9, 2013. (R. 1520-21.) He was found to be disabled as of June 3, 2014, his fifty-fifth birthday. (R. 1530.) That onset date was upheld on reconsideration, and when plaintiff requested a hearing, the Appeals Council directed the Commissioner to consolidate the 2011 and 2014 claims. (R. 1544, 1569.)

On October 31, 2016, an administrative law judge ("ALJ") held a hearing regarding the period of November 4, 2010 through June 2, 2014. (R. 1461-87.) In a decision dated December 6, 2016, the ALJ found that plaintiff was not disabled at any time during that period. (R. 1440-51.) The Appeals Council declined review (R. 1393-95), and plaintiff appealed to this Court, which reversed and remanded for further proceedings in an order dated September 8, 2020. (R. 1547-59.)

On April 12, 2021, a different ALJ held a telephonic hearing pursuant to this Court's remand. (R. 2055-2084.) In a decision dated May 13, 2021, the ALJ found that the plaintiff was not disabled at any time during November 4, 2010 through June 2, 2014. (R. 2027-2054.) The Appeals Council declined review (R. 2019-2025), leaving the ALJ's decision as the final decision of the Commissioner reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

## Discussion

### I.

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "[s]ubstantial evidence," i.e., " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental

impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. See 20 C.F.R. § 404.1520(a). The Commissioner must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which he claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform his past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. 20 C.F.R. § 404.1560(c)(2); *Zurawski*, 245 F.3d at 886. If that burden is met, at step five, the burden shifts to the Commissioner to establish that the claimant is capable of performing work existing in significant numbers in the national economy. 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity between November 4, 2010 and June 2, 2014. (R. 2032.) At step two, the ALJ determined that, during that period, plaintiff had the severe impairments of "obesity, status post lumbar fusion, and status post left shoulder arthroscopic rotator cuff repair and decompression." (*Id.*) At step three, the ALJ found that, during that period, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (R. 2033.) At step four, the ALJ found that, during that period, plaintiff was unable to perform past relevant work but had the residual functional capacity (RFC) to perform light work with certain exceptions. (R. 2036, 2043.) At step five, the ALJ found that, during the relevant period, there

were jobs in significant numbers in the national economy that plaintiff could have performed, and thus he was not disabled. (R. 2043.)

As an initial matter, plaintiff contends that the ALJ improperly rejected the opinions of his treating physicians, Drs. Ricca and Bajaj. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). The ALJ must give good reasons for the weight that it assigns a treating physician's opinion. *Bates v. Colvin*, 736 F.3d 1093, 1101 (7th Cir. 2013); *Roddy v. Astrue*, 705 F.3d 631, 636-37 (7th Cir. 2013). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c).

Drs. Ricca and Bajaj both opined that plaintiff could not lift more than ten pounds, could not do repetitive twisting, turning, bending, climbing, squatting, kneeling, pushing, or pulling. (R. 413, 419, 1181, 1300, 1304.) The ALJ gave "little weight" to these opinions because: (1) Dr. Ricca, plaintiff's "long-term treat[er]," is a family practitioner, not a spine specialist; (2) Dr. Bajaj, who is a spine specialist, only treated plaintiff for four months; (3) the doctors' opinions are inconsistent with plaintiff's medical records, which "repeatedly" show normal neurological findings and gait; and (4) the doctors' opinions are inconsistent with those of the State agency medical consultants and the independent medical examiner ("IME"). (R. 2040-42.)

It was appropriate for the ALJ to consider the doctors' specialties in weighing their opinions. 20 C.F.R. § 404.1527(c)(5). However, for the reasons that we explain here and that we previously explained (almost verbatim) in *Daniel Lynn E. v. Saul*, No. 19 C 7636, 2020 WL 5365971, at *2 (N.D. Ill. Sept. 8, 2020), it was not appropriate for the ALJ to reject the opinions of plaintiff's treating doctors—one of whom is a spine specialist—in favor of the opinions of non-examining consultants who do not specialize in spines. See 20 C.F.R. § 404.1527(c)(1) ("[W]e give more weight to the medical opinion of a source who has examined you than to the medical opinion of a medical source who has not examined you."); *see also* (R. 501, 503, 1528, 1542 (setting forth consultants' medical specialty codes)); Social Security Commissioner's Program Operations Manual, DI 24501.004B, Medical Specialty Codes, *available at* https://secure.ssa.gov/apps10/poms.nsf/lnx/0424501004 (last visited October 28, 2022). Additionally, while it was proper for the ALJ to consider the length of each treater's relationship with plaintiff, the ALJ applied this factor inconsistently. For instance, she did not adequately explain why the opinion of the IME doctor, who examined plaintiff once, was entitled to more weight than those of the doctors who treated him for months or years (Drs. Bajaj and Ricca, respectively). (R. 342-46); *see* 20 C.F.R. § 404.1527(c)(2) ("Generally, the longer a treating source has treated you and the more times you have been seen by a treating source, the more weight we will give to the source's medical opinion. When the treating source has seen you a number of times and long enough to have obtained a longitudinal picture of your impairment, we will give the medical source's medical opinion more weight than we would give it if it were from a nontreating source."). Indeed, the ALJ discounted the opinion of Dr. Bajaj because the doctor "only" treated the plaintiff for five months. (R. 2042.) It makes little sense, and contravenes Social Security Regulations, to discount the opinion of a doctor who saw the plaintiff for "only"

five months solely to favor doctors who never met him at all, or examined him once for 5-10 minutes. *See Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003).

Finally, as to the ALJ's assertion that the treating doctors' opinions are inconsistent with plaintiff's medical records, which "repeatedly" show normal neurological findings and gait, the ALJ does not explain how these findings impugn the treating doctors' opinions about plaintiff's ability to lift, twist, kneel, squat, bend, push, and pull. Further, discounting a treating doctor's opinion solely because it is "inconsistent" with a competing opinion is an erroneous application of Social Security law. *See id*.

In short, the ALJ's rejection of the treaters' opinions is not supported by substantial evidence. Thus, this case must be remanded for a reassessment of the medical opinion evidence.[1]

II.

In light of the amount of time that has passed since plaintiff initially filed his disability claim, and the multiple remand orders due to the Commissioner's failure to comply with this Court's instructions, plaintiff asks this Court to dispense with the remand and instead order an award of benefits to the plaintiff, citing to *Wilder v. Apfel*, 153 F. 3d 799, 801 (7th Cir. 1998). (Pl. Brief at 15.) In *Wilder*, the Seventh Circuit remanded a matter to the Commissioner with directions to enter an award for the claimant due to "obduracy" on the part of the Commissioner. *Id*. at 804. Notably, it was the second time that the Seventh Circuit had heard the case, and the second time in which it reversed the decisions of the ALJ, for the same reasons both times. *Id*. at 801. Plaintiff argues that *Wilder* authorizes us to render a similar order – one that directs the agency to award plaintiff benefits.

---

[1] Because this issue is dispositive, the Court need not address the other issues plaintiff raises.

However, in 2005's *Briscoe ex rel. Taylor v. Barnhart,* the Seventh Circuit clarified that courts reviewing a social security administrative decision cannot award benefits outright as a result of the Commissioner's obduracy *alone*, and further clarified that *Wilder* does not stand for that proposition. 425 F.3d 345, 356-357. To the contrary, an award of benefits is appropriate only if all factual issues have been resolved and the record supports a finding of disability. *Id*. *See also Campbel v. Shalalal*, 988 F.2d 741 (7th Cir. 1993), 744; *Micus v. Bowen*, 979 F.2d 602, 609 (7th Cir. 1992) (remanding for an award of benefits based on the uncontradicted medical opinion supporting a claim of disability).

In this case, the Court cannot say that the record dispositively demonstrates a finding of disability. There are competing medical opinions underlying this matter (disputed facts), and, accordingly, the ALJ must properly assess the medical evidence on remand. Thus, because factual issues related to a finding of disability remain unresolved, it would be improper for the Court to remand this case with directions to award benefits.

On remand, the Court strongly urges the Commissioner to do everything in its power to avoid yet another appeal and remand, as this process has resulted in an abysmal waste of court resources and taxpayer funds. *See, e.g., Dawn T. v. Saul*, 2019 WL 4014240 at *2 (N.D. Ill. 2019) ("A reasonable person would think that when a court remands a case to the SSA and provides clear directions as to how the ALJ should proceed on remand, the ALJ would do so. Sadly, it appears expecting the SSA to act reasonably may be a lost cause. Unhappily, there are many losers in this process. Obviously, the claimants are losers. But the taxpayers are also losers as they must pony up attorneys' fees to claimants' counsel under the Equal Access to Justice Act, 28 U.S.C. Section 2412, as well as fund the salaries of all the government employees involved in these cases.")

## Conclusion

For the reasons stated above, the Court reverses the ALJ's decision, grants plaintiff's motion for summary judgment [16], and in accordance with the fourth sentence of 42 U.S.C. § 405(g), remands this case for further proceedings consistent with this Memorandum Opinion and Order.

**SO ORDERED.**   **DATED: 3/2/23**

                                          **ENTERED:**

**M. David Weisman**
**United States Magistrate Judge**